D+F

Respectfully submitted,

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

By:   /S/ Edward K. Newman
     EDWARD K. NEWMAN (EN 9670)
     Assistant U.S. Attorney
     (718) 254-6069

cc Alphonso Martinez
   Reg. No. 38770-053
   F.C.I. Fort Dix
   P.O. Box 7000
   Fort Dix, N.J. 08640

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ Jun 22 2005 ★ BROOKLYN OFFICE

91 CR 1332

Having reviewed the submissions of defendant, Probation, & the U.S. Attorney's office, the court concludes that defendant's motion to vacate the fine component of his judgment of conviction is properly denied. To the extent defendant challenges the lawfulness of the fine, his motion is untimely under 28 U.S.C. §2255. To the extent defendant asks the court, in its discretion, to reduce fine, it is questionable whether the court has that authority under Fed. R. Crim. P. 35. Even assuming the court could consider the motion on its merits, the court would not grant the relief sought. In imposing a fine, the court provided for waiver if defendant was unable to pay but only after five years supervised release. Nothing in defendant's motion persuades the court that any change in this decision is warranted. Motion DENIED.

Notice: all parties
U.S. Probation

s/Reena Raggi
USCJ 6/21/05



BS:EKN
890118
judgeraggi.june1520050.bps.wpd

*Mailing Address:*

*One Pierrepont Plaza*
*Brooklyn, New York 11201*

*147 Pierrepont Street*
*Brooklyn, New York 11201*




June 15, 2005  ★ June 22 2005 ★

via ECF and Federal Express

**BROOKLYN OFFICE**

Honorable Reena Raggi
United States Court of Appeals for the Second Circuit
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Re: Alfonso Martinez v. United States of America
    Docket No. 91 CR-01332-RR-3 (EDNY)

Dear Judge Raggi:

Pursuant to the Court's May 31, 2005 order, the United States submits this letter in opposition to Defendant-Petitioner Martinez's "Motion To Dismiss The $500,000 Dollar Fine Imposed On Petitioner" in the above-referenced action. The United States has no information as to the defendant's current financial picture and, accordingly, has no basis to determine whether remission is appropriate in accordance with 18 U.S.C. § 3573.

Background of the Criminal Case

On June 25, 1992, Petitioner was convicted of conspiracy to distribute cocaine, 28 U.S.C. § 846. (See Exhibit 1, Docket Sheet for Cr. No. 91-01332-RR-3) On July 12, 1996, the Court sentenced Petitioner to nineteen years of imprisonment followed by supervised release for life and payment of a fine of $500,000.00. The Court further ordered that "if the *probation department determines* that defendant is unable to pay the fine *within the first five years of the period of supervised release*, the fine will be waived." (*Id.* at entry for July 22, 1996) (Emphasis

added).[1]

Defendant-Petitioner is not making regular payments on his fine, and has made only $200.00 in payments total during his incarceration. Pursuant to 18 U.S.C. § 3612, interest began to accrue on the fine at the rate of 3.13% annually, as of November 23, 1992. As of June 15, 2005, the total amount owed by the defendant is $499,850.00, plus interest, which is continuing to accrue.

Furthermore, in accordance with the Sentencing Reform Act of 1984, under which the defendant was sentenced, a defendant's liability to pay a fine shall expire twenty years after the entry of the judgment. See 21 U.S.C. § 846; 18 U.S.C. 3613(b). Thus, Petitioner-Defendant's liability to pay the debt will expire on on July 12, 2016, eight years after his release from incarceration.

Section 3573 of Title 18, United States Code, as amended, reserves the right to move for remission of a fine to the United States, upon demonstrating the unlikelihood of collecting the fine. It provides in pertinent part as follows:

> Upon petition of the Government showing that reasonable efforts to collect a fine or assessment are not likely to be effective, the court may, in the interest of justice –
>
> (1) remit all or part of the unpaid portion of the fine or special assessment, including interest and penalties. . .

As stated above, the United States has no information as to the defendant's current financial status nor does it or can it know what defendant's financial condition will be upon release from incarceration when he is required to begin payment of his debt.[2] Based on the foregoing, the United States opposes the defendant's request that the court remit the fine.

---

[1] Defendant filed another appeal which was dismissed by the Court of Appeals for lack of jurisdiction, on September 11, 1996. (See Exhibit 1, *Id.*)

[2] However, according to the Pre-Sentence Investigation Report, defendant reported no assets. A number of vehicles associated with the Petitioner-Defendant and his numerous co-defendants were forfeited at the time of the criminal proceedings.